# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-80108-Cr-Middlebrooks/Brannon

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YULIET TAPANES,

    Defendant.
_____/



## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** having come on to be heard upon the Order of Reference from the District Court for this Court to conduct a proceeding for acceptance of a guilty plea by the Defendant in the above referenced case and this Court having conducted a change of plea hearing on August 3, 2012, this Court recommends to the District Court as follows:

    1.    On August 3, 2012, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter. At the outset of the hearing, through a Spanish Interpreter, this Court advised the Defendant of her right to have this proceeding conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the agreement of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

    2.    This Court advised the Defendant that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant,

the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed the plea agreement on the record and had the Defendant acknowledge that she signed the plea agreement. This Court also made certain that the Defendant was aware of any minimum mandatory sentences and maximum sentences which could be imposed in this case pursuant to the plea agreement and applicable statutes.

5. The Defendant pled guilty to Count One of the Indictment which charges the Defendant, from in or around February 2009 through in or around September 2011, the defendant conspired with others to commit the offense of mail fraud, in violation of Title 18, United States Code, Section 1341; all in violation of Title 18, United States Code, Section 1349.

6. The government stated a factual basis for the entry of the plea which included all of the essential elements of the crime to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable. The government also announced the possible minimum and maximum penalties in respect to Count One of the Indictment, which included advising the Defendant of the possibility of deportation after sentencing. The Defendant acknowledged that she understood these possible minimum and maximum penalties which could be imposed in this case.

7. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned recommends to the District Court that the Defendant **YULIET TAPANES**, be found to have freely and voluntarily entered her guilty plea to Count One of the Indictment, as more particularly described herein, and that the Defendant be adjudicated guilty of the offense.

7. A pre-sentence investigation is being prepared for the District Court by the United States Probation Office and sentencing has been set for **Thursday, October 11, 2012, at**

11:00 a.m., at the United States District Courthouse in West Palm Beach, Florida before the Honorable Donald M. Middlebrooks.

**ACCORDINGLY,** the undersigned recommends to the District Court that the Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which a plea of guilty has been entered, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with United States District Judge Donald M. Middlebrooks.

**DONE AND SUBMITTED** this 3rd day of August, 2012, at West Palm Beach, Florida.

DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald M. Middlebrooks, U.S. District Judge
AUSA-Marie Villafana
Samuel Montesino, Esquire
U. S. Probation
U. S. Marshal